UNITED STATES DISTRICT COURT
Southern District of Florida

| | |
|---|---|
| MELISSA LAVAGLIO as the mother and natural guardian of Jane Doe, a minor and individually,<br><br>    Plaintiff,<br><br>vs.<br><br>BOCA RATON POLICE SERVICES DEPARTMENT, CITY OF BOCA RATON, BOYNTON BEACH POLICE DEPARTMENT, CITY OF BOYNTON BEACH OFFICER CORUM (ID 794), H. HOWARD (2213 B2), S.T. RADFORD (2213, B5), M. CARELLI (857) and T. MENDOZA (860),<br><br>    Defendants. | Civil Action No. 9:24cv81352<br><br>Jury Trial Demanded |

## COMPLAINT

**COMES NOW** the Plaintiff, MELISSA LAVAGLIO as the mother and natural guardian of Jane Doe, a minor and individually, by and through undersigned attorneys, and sues the Defendants, Boca Raton Police Services Department, City of Boca Raton, Boynton Beach Police Department, City of Boynton Beach, Officer Corum (Id 794), H. Howard (2213 B2), S.T. Radford (2213, B5), M. Carelli (857) and T. Mendoza (860), and alleges as follows:

### INTRODUCTION

This is a civil rights action filed by MELISSA LAVAGLIO as the mother and natural guardian of Jane Doe, a minor and individually, for damages under *42 U.S.C. § 1983*, alleging unlawful detainment and imprisonment in Psychiatric Hospital in violation of the Eighth Amendment to the United States Constitution. The Plaintiff also alleges the tort of assault and battery.

## JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343 because the controversy arises under the U.S. Constitution and 42 U.S.C. § 1983. This Court has authority to award attorney's fees pursuant to 42 U.S.C. § 1988.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this complaint happened in this district.

3. The Court has supplemental jurisdiction over the Plaintiff's state law tort claims under *28 U.S.C. § 1367*.

## THE PARTIES

4. The Plaintiff's daughter was unlawfully arrested and falsely imprisoned at a Psychiatric Hospital as part of the events described in this complaint.

5. Defendant, Boca Raton Police Services Department (hereinafter "Boca Raton Police Department"), is a governmental agency within the State of Florida. Plaintiff has satisfied all conditions precedent to bringing this action including giving Notice of Claim pursuant to Florida Statute § 768.28.

6. Defendant, City of Boca Raton, is a governmental entity within the State of Florida. Plaintiff has satisfied all conditions precedent to bringing this action including giving Notice of Claim pursuant to Florida Statute § 768.28.

7. Defendant, Boynton Beach Police Department (hereinafter "Boynton Beach Police Department"), is a governmental agency within the State of Florida. Plaintiff has satisfied all conditions precedent to bringing this action including giving Notice of Claim pursuant to Florida Statute § 768.28.

8. Defendant, City of Boynton Beach, is a governmental entity within the State of Florida. Plaintiff has satisfied all conditions precedent to bringing this action including giving Notice of Claim pursuant to Florida Statute § 768.28.

9. Defendant, Officer Corum (ID 794), is a police officer employed by Defendant, Boynton Beach Police Department. He is sued in his individual capacity.

10. Defendants, H. Howard (2213 B2), S.T. Radford (2213, B5), M. Carelli (857) and T. Mendoza (860), are police officers employed at Defendant, City of Boca Raton Police Services Department. They are sued in their individual capacities.[1]

11. All the Defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

## FACTUAL ALLEGATIONS

12. On February 11, 2023, an anonymous person was chatting on a suicide hotline chatroom on the internet and made suicidal comments from a computer with IP address that came back to a storage unit facility, per the chatroom administrator that contacted the Boca Raton Police Department. The person that allegedly made the suicidal comments alleged that he/she was a 14-year-old transsexual female. Plaintiff's daughter is a biologically born female who was born with female genitalia and is not transsexual.

13. While other Boca Raton PD officers went to the storage facility to attempt to locate the person that allegedly made the suicidal comments, Defendant H. HOWARD (2213 B2), ran a RMS search for a person around 14 years old living in the area near the storage facility and randomly located the Plaintiff's daughter who at one time lived near the storage facility.

---

[1] When referred to in the collective the individual Boca Raton PD and Boynton Beach PD Defendant Police Officers they shall be referred to as "Police Officers".

3

14. Bocan Raton PD Officers went to the Plaintiff's alleged Boca Raton and where informed that the Plaintiff and her daughter no longer lived at the Boca Raton location and had not been in the City Boca Raton on the date at issue.

15. Defendant H. HOWARD (2213 B2), then had Boca Raton PD dispatch contact the Boynton Beach PD who then dispatched Officer Corum (ID794) to Plaintiff's home address, who then proceeded to unlawfully false imprison Plaintiff's daughter without any evidence that she had made any suicidal comments on the date at issue.

16. Plaintiff's daughter was unlawfully detained and committed to a Psychiatric Hospital without any reasonable suspicion that she had made the suicidal comments or was a danger to herself or others on the date of the incident.

17. Up to and through the time Defendant Police Officers unlawfully detained Plaintiff's daughter, the Police Officers had not personally witnessed, nor been made aware of, any behavior by the Plaintiff's daughter that a reasonable police officer would believe amounted to Plaintiff's daughter being in an immediate threat to herself or others.

18. It would have been clear to any reasonable police officer that:

   a) the alleged comments originated in the City of Boca Raton;

   b) Plaintiff's daughter did not live in the City of Boca Raton on the date and time the comments were made; and

   c) Plaintiff's daughter was not located in the City of Boca Raton on the date and time the comments were made;

   d) Plaintiff's daughter had not made the alleged suicidal comments on the date and time at issue.

4

19. Plaintiff's daughter was publicly humiliated before her parents, neighbors and other people by Defendant Police Officers, indirectly or indirectly, when they unlawfully detained her and had her committed to a psychiatric hospital.

20. Plaintiff's 14-year-old daughter was removed from her house and needlessly placed in handcuffs. Police Officers had the discretion not to parade Plaintiff's daughter in front of her neighbors in handcuffs.

21. Plaintiff's daughter suffered physically and emotionally throughout the entire ordeal upon her unlawful and humiliating detention and commitment to a psychiatric hospital.

22. Defendants, City of Boca Raton and City of Boynton Beach (hereinafter "the Cities") which employs these police officers should also be held accountable for their failure to train and supervise them with respect to a procedure as routine and frequent as, a) not handcuffing non-violent individuals who are not suspected of crimes and who do not present an immediate danger to themselves or others, and b) not detaining and/or committing an individual to a psychiatric hospitals in non-exigent circumstances. Situation the Cities could fully expect its police officers to encounter numerous times over the course of their careers.

23. As a result of Defendants' conduct, Plaintiff's daughter is entitled to compensatory damages for the injuries she suffered as a result of the deprivation of her constitutional rights.

## DAMAGES

24. As a direct and proximate result of the acts of Defendant, Plaintiff suffered the following injuries and damages:

    a) mental anguish;

    b) loss of capacity for the enjoyment of life;

    c) expense of hospitalization, medical treatment, psychiatric treatment;

    d) violation of her rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from false detainment and commitment to a psychiatric hospital;

    e) violation of her rights to the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of their person;

    f) violation of her rights pursuant to State Law to be free from unreasonable

    g) violation of her rights pursuant to State Law to be free from false imprisonment; and

    h) violation of her rights pursuant to State Law to be free from battery.

## COUNT I
### 42 U.S.C. § 1983 – Unlawful Detention in Violation of the Fourth and Fourteenth Amendments
As to Defendants Officer Corum (ID 794) H. Howard (2213 B2), S.T. Radford (2213, B5), M. Carelli (857) and T. Mendoza (860)

25. Plaintiff incorporates and re-alleges the above allegations in full.

26. The Fourth Amendment of the U.S. Constitution protects citizens against unreasonable search and seizure by law enforcement officers.

27. The Fourteenth Amendment of the U.S. Constitution protects citizens against arbitrary deprivation of life, liberty, or property by the state.

28. The Fourth and Fourteenth Amendments prohibit detainment without reasonable suspicion.

29. Defendant Police Officers detained and committed Plaintiff's daughter to a psychiatric hospital without any evidence and/or reasonable suspicion. Ms. Davis without probable cause.

30. The lack of evidence and/or reasonable suspicion to detain and commit Plaintiff's daughter to a psychiatric hospital would have been evident to any reasonable person based on the facts and circumstances within the Police Officers' knowledge at the time. The Police Officers did

not witness Plaintiff's daughter break any law, send any chat messages or even be in any location in the City of Boca Raton, nor did they have any reason to believe that she had broken any law, made any chat messages or be located in the City of Boca Raton.

31. By detaining and committing Plaintiff's daughter to a psychiatric hospital without evidence and/or reasonable suspicion the Police Officers violated Plaintiff's daughter's Fourth and Fourteenth Amendment rights.

32. Any reasonable police officer would have known that detaining and committing Plaintiff's daughter to a psychiatric hospital under these circumstances would violate her constitutional rights.

33. As a direct and proximate result of Police Officers' unlawful acts, Plaintiff's daughter suffered actual physical, and emotional harm.

34. As a direct and proximate result of the Police Officers' unreasonable and unlawful actions, Plaintiff's daughter has suffered from and continues to suffer substantial past and future damages, including, but not limited to, medical bills, severe emotional distress, mental anguish, embarrassment, humiliation, and/or physical pain and suffering.

35. Plaintiff and her daughter are entitled to attorneys' fees and costs under 42 U.S.C. § 1988, prejudgment interest, and costs allowable by federal law.

**COUNT II**
**42 U.S.C. § 1983 – UNLAWFUL SEIZURE in Violation of the Fourth**
As to Defendants Officer Corum (ID 794), H. Howard (2213 B2), S.T. Radford (2213, B5), M. Carelli (857) and T. Mendoza (860)

36. Plaintiff incorporates and re-alleges the above allegations in full.

37. The Fourth Amendment of the U.S. Constitution protects citizens against unlaw seizure of their person by law enforcement officers.

7

38. The Fourth Amendment prohibits law enforcement officers seizing a citizen without legal justification.

39. Defendant Police Officers' detainment and committing Plaintiff's daughter to a psychiatric hospital without evidence or reasonable suspicion violated her Fourth Amendment rights.

40. Any reasonable police officer would have known that detaining and committing Plaintiff's daughter to a psychiatric hospital under these circumstances would violate her constitutional rights.

41. As a direct and proximate result of Police Officers' unlawful acts, Plaintiff's daughter suffered actual physical, and emotional harm.

42. As a direct and proximate result of the Police Officers' unlawful seizure, Plaintiff's daughter has suffered from and continues to suffer substantial past and future damages, including, but not limited to, medical bills, severe emotional distress, mental anguish, embarrassment, humiliation, and/or physical pain and suffering.

43. Plaintiff and her daughter are entitled to attorneys' fees and costs under 42 U.S.C. § 1988, prejudgment interest, and costs allowable by federal law.

**COUNT III**
**42 U.S.C. § 1983 – Failure to Train and Supervise**
As to Defendant City of Boca Raton

44. Plaintiff incorporates and re-alleges the above allegations in full.

45. The Boca Raton Police Department is a department within the City of Boca Raton, a named Defendant in this case

46. At all times relevant to this action, Defendant, City of Boca Raton, had policymaking authority and otherwise controlled the training and supervisory practices of the Boca Raton Police Department.

47. Defendant, City of Boca Raton, has a policy, practice and custom of failing to train and supervise police officers with respect to a clear constitutional duty implicated in a recurrent situation that police officers are certain to face—i.e., lack of evidence and reasonable suspicion to detain and forcible commit a person to a psychiatric hospital.

48. Defendant, City of Boca Raton, should have known that Boca Raton Police Department officers would be placed in such a recurrent situation. Defendant, City of Boca Raton, should have known that, in such a situation, its officers have a clear constitutional duty to avoid detaining and forcibly committing a person to a psychiatric hospital without evidence of immediate self-harm or threat to others. Defendant, City of Boca Raton, should have known that its officers would lack the legal knowledge necessary to avoid the application of excessive force in that situation without training and supervision, avoid unlawful detention and forcible commitment to a psychiatric hospital.

49. Upon information and belief, officers employed by Defendant, City of Boca Raton, have a history of numerous complaints related to unlawful detention and false imprisonment. This pattern of violations made plainly obvious the need for training and supervising officers on how to avoid unlawful detention and false imprisonment of persons when there is no clear evidence.

50. Through the adoption of this policy, practice and custom of failing to train and supervise its police officers to prevent the use of excessive force, Defendant, City of Boca Raton, acted with deliberate indifference to the clearly established rights secured to Plaintiff's daughter under the United States Constitution, specifically the Fourth Amendment rights to be free from unlawful detentions, unreasonable seizures and false imprisonment against one's person.

51. By engaging in unlawful acts against Plaintiff's daughter that resulted in injuries to Plaintiff's daughter, the Boca Raton Police Department's Police Officers were acting pursuant to, and within the scope of, Defendant, City of Boca Raton's, policies, practices and customs of failing to train and supervise Boca Raton Police Department officers.

52. By failing to intervene to prevent the unlawful acts against Plaintiff's daughter that resulted in injuries to Plaintiff's daughter, Defendants, S.T. Radford (2213, B5), M. Carelli (857) and T. Mendoza (860), were acting pursuant to, and within the scope of, Defendant City of Boca Raton's, policies, practices and customs of failing to train and supervise Boca Raton Police Department officers.

53. Defendant, City of Boca Raton's, policies, practices and customs of failing to train and supervise Boca Raton Police Department officers were the moving force and the proximate and producing cause of Plaintiff's daughter's injuries.

54. Due to the injuries suffered by Plaintiff's daughter, she is entitled to compensatory, economic, and consequential damages, in amounts to be determined at trial. As a further result of Defendants' unlawful conduct, Plaintiff's daughter has incurred special damages, including expenses related to substantial past and future damages, including, but not limited to, medical bills, severe emotional distress, mental anguish, embarrassment, humiliation, and/or physical pain and suffering.

55. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C.§ 1988, pre-judgment interest and costs as allowable by federal law.

56. In depriving Plaintiff's daughter of her rights under the United States Constitution, Defendant, City of Boca Raton, acted under color of law in its capacity as a municipal entity organized under the laws of the State of Florida, and its actions and omissions were conducted within the

scope of Defendant, City of Boca Raton's official duties. This deprivation under color of law is actionable and may be redressed by 42 U.S.C. § 1983.

## COUNT IV
### 42 U.S.C. § 1983 – Failure to Train and Supervise
As to Defendant City of Boynton Beach

57. Plaintiff incorporates and re-alleges the above allegations in full.

58. The Boynton Beach Police Department is a department within the City of Boynton Beach, a named Defendant in this case

59. At all times relevant to this action, Defendant, City of Boynton Beach, had policymaking authority and otherwise controlled the training and supervisory practices of the Boynton Beach Police Department.

60. Defendant, City of Boynton Beach, has a policy, practice and custom of failing to train and supervise police officers with respect to a clear constitutional duty implicated in a recurrent situation that police officers are certain to face—i.e., lack of evidence and reasonable suspicion to detain and forcible commit a person to a psychiatric hospital.

61. Defendant, City of Boynton Beach, should have known that Boynton Beach Police Department officers would be placed in such a recurrent situation. Defendant, City of Boynton Beach, should have known that, in such a situation, its officers have a clear constitutional duty to avoid detaining and forcibly committing a person to a psychiatric hospital without evidence of immediate self-harm or threat to others. Defendant, City of Boynton Beach, should have known that its officers would lack the legal knowledge necessary to avoid the application of

excessive force in that situation without training and supervision, avoid unlawful detention and forcible commitment to a psychiatric hospital.

62. Upon information and belief, officers employed by Defendant, City of Boynton Beach, have a history of numerous complaints related to unlawful detention and false imprisonment. This pattern of violations made plainly obvious the need for training and supervising officers on how to avoid unlawful detention and false imprisonment of persons when there is no clear evidence.

63. Through the adoption of this policy, practice and custom of failing to train and supervise its police officers to prevent the use of excessive force, Defendant, City of Boynton Beach, acted with deliberate indifference to the clearly established rights secured to Plaintiff's daughter under the United States Constitution, specifically the Fourth Amendment rights to be free from unlawful detentions, unreasonable seizures and false imprisonment against one's person.

64. By engaging in unlawful acts against Plaintiff's daughter that resulted in injuries to Plaintiff's daughter, the Boynton Beach Police Department's Police Officers were acting pursuant to, and within the scope of, Defendant, City of Boynton Beach's, policies, practices and customs of failing to train and supervise Boynton Beach Police Department officers.

65. Defendant, City of Boynton Beach's, policies, practices and customs of failing to train and supervise Boynton Beach Police Department officers were the moving force and the proximate and producing cause of Plaintiff's daughter's injuries.

66. Due to the injuries suffered by Plaintiff's daughter, she is entitled to compensatory, economic, and consequential damages, in amounts to be determined at trial. As a further result of Defendants' unlawful conduct, Plaintiff's daughter has incurred special damages, including expenses related substantial past and future damages, including, but not limited to, medical

bills, severe emotional distress, mental anguish, embarrassment, humiliation, and/or physical pain and suffering.

67. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C.§ 1988, pre-judgment interest and costs as allowable by federal law.

68. In depriving Plaintiff's daughter of her rights under the United States Constitution, Defendant, City of Boynton Beach, acted under color of law in its capacity as a municipal entity organized under the laws of the State of Florida, and its actions and omissions were conducted within the scope of Defendant, City of Boynton Beach's official duties. This deprivation under color of law is actionable and may be redressed by 42 U.S.C. § 1983.

## COUNT V
## STATE LAW- FALSE IMPRISONMENT
As to Defendant Officer Corum (ID 794)

69. Plaintiff incorporates and re-alleges the above allegations in full.

70. Plaintiff's daughter's detention was unlawful because there was no evidence that she had made suicidal comments in the chatroom and/or was an immediate danger to herself or others. Defendant, Officer Corum (ID 794), had no reasonable basis to believe that Plaintiff's daughter had had made suicidal comments in the chatroom and/or was an immediate danger to herself or others.

71. The facts and circumstances within Defendant, Officer Corum (ID 794), knowledge during their interaction with Plaintiff's daughter would not have caused a reasonable person to conclude that Plaintiff's daughter had committed or was in the process of committing suicide or was an immediate danger to herself or others.

72. As a direct and proximate result of Defendant, Officer Corum (ID 794), false imprisonment, Plaintiff's daughter has suffered from and continues to suffer substantial past and future

damages, including, but not limited to, medical bills, severe emotional distress, mental anguish, embarrassment, humiliation, and/or physical pain and suffering.

## COUNT VI
## STATE LAW - BATTERY
As to Defendant Officer Corum (ID 794)

73. Plaintiff incorporates and re-alleges the above allegations in full.

74. At said time and place, Defendant, Officer Corum (ID 794), committed a battery upon Plaintiff's daughter.

75. At all times material hereto, said acts by the Defendant, Officer Corum (ID 794), were unwanted and unconsented to.

76. As a direct and proximate result of Defendant, Officer Corum (ID 794), battery, Plaintiff's daughter suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization/medical care treatment, and aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## COUNT VII
## STATE LAW – RESPONDENT SUPERIOR/VICARIOUS LIABILITY
Boca Raton Police Services Department

77. Plaintiff incorporates and re-alleges the above allegations in full.

78. Defendant, Boca Raton Police Services Department, as the employer of Defendants, H. Howard (2213 B2), S.T. Radford (2213, B5), M. Carelli (857) and T. Mendoza (860) was responsible as a matter of law for all damages proximately caused by said unlawful actions

committed against Plaintiff's daughter, which were committed by said employees, agents or servants in the course and scope of their said employment.

79. As a direct and proximate result of Defendant, Officer Corum (ID 794), battery, Plaintiff's daughter suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization/medical care treatment, and aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## COUNT VIII
## STATE LAW - RESPONDENT SUPERIOR/VICARIOUS LIABILITY
Boynton Beach Police Department

80. Plaintiff incorporates and re-alleges the above allegations in full.

81. Defendant, Boynton Beach Police Department, as the employer of Defendant, Officer Corum (ID 794), was responsible as a matter of law for all damages proximately caused by said unlawful actions committed against Plaintiff's daughter, which were committed by said employee, agent or servants in the course and scope of their said employment.

82. As a direct and proximate result of Defendant, Officer Corum (ID 794), battery, Plaintiff's daughter suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization/medical care treatment, and aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## COUNT IX
## STATE LAW – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
As to Defendants Officer Corum (ID 794), H. Howard (2213 B2), S.T. Radford (2213, B5), M. Carelli (857) and T. Mendoza (860)

83. Plaintiff incorporates and re-alleges the above allegations in full.

84. Plaintiff asserts violations of Florida law relative to intentional torts by the Police Officers.

85. The Police Officers acted intentionally, as described herein, to deprive Plaintiff's daughter of his rights under Florida state law and caused her the injuries and damages described in this Complaint.

86. The Police Officers knew or should have known that their unlawful actions would cause Plaintiff's daughter emotional distress.

87. As a direct and proximate result of the intentional acts of the Police Officers described herein Plaintiff's daughter has experienced severe emotional and psychological injuries—including mental anguish, humiliation, emotional distress, loss of enjoyment of life, and other non-pecuniary losses.

88. The Police Officers engaged in extreme and outrageous conduct, and acted maliciously and with specific intent to oppress and harm Plaintiff's daughter or with reckless disregard for the consequences of their actions and omissions.

## COUNT X
## STATE LAW – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
As to Defendants Officer Corum (ID 794), H. Howard (2213 B2), S.T. Radford (2213, B5), M. Carelli (857) and T. Mendoza (860)

89. Plaintiff incorporates and re-alleges the above allegations in full.

90. Plaintiff asserts violations of Florida law relative to intentional torts by the Police Officers, including but not limited the use of force to physical and unlawfully detain Plaintiff's daughter which caused her injury.

91. The Police Officers knew or should have known that their unlawful actions would cause Plaintiff's daughter to suffer psychological trauma.

92. As a direct and proximate result of the intentional acts of the Police Officers described herein Plaintiff's daughter has experienced severe emotional and psychological injuries—including

mental anguish, humiliation, emotional distress, loss of enjoyment of life, and other non-pecuniary losses.

93. The Police Officers engaged in extreme and negligent conduct, which harmed Plaintiff's daughter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against each of the Defendants, jointly and severally, and award the following relief:

a. a declaration that Defendants' conduct violated the First, Fourth, and Fourteenth Amendments of the United States Constitution;

b. compensatory damages in an amount to be determined by a jury for each of Plaintiff's causes of action;

c. punitive damages in an amount to be determined by a jury;

d. attorneys' fees and costs associated with this action, including expert witness fees, on all claims allowed by law; and

e. any other relief that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury for all issues so triable by law.

## DESIGNATION OF EMAIL ADDRESS

Furthermore, the undersigned law firm hereby designates the following primary email address:

Primary email:   pleadings@hlalaw.com

All pleadings, motions, orders, correspondence, and/or other papers should be served on the undersigned at the email address set forth above.

Hoffman, Larin, & Agnetti, P.A.

909 North Miami Beach Blvd. Suite 201
N. Miami Beach, Florida 33162
(305) 653-5555 Telephone
pleadings@hlalaw.com

/s/ John Agnetti
John B. Agnetti, Esq.
Florida Bar Number 359841